IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

DEBORAH OLSEN,
an individual,

    Plaintiff,

v.

ZAKHEIM & ASSOCIATES, P.A.,
a Florida corporation,

    Defendant.
_____/

Case No 11-1414-CO-39

FM824
3-18-11
10:38AM

## VERIFIED COMPLAINT

COMES NOW, Plaintiff, DEBORAH OLSEN ("Plaintiff"), by and through the undersigned counsel, and sues Defendant, ZAKHEIM & ASSOCIATES, P.A. ("Defendant"), and alleges:

### PRELIMINARY STATEMENT

This is an action for actual and statutory damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter the "FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, et seq (hereinafter the "FDCPA").

### JURISDICTION & VENUE

1. This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statute § 559.77 and 15 U.S.C. §1692k(d).

3. At all material times herein, the conduct of the Defendant, complained of

Resp due
3/10/11

below, occurred in Pinellas County, Florida.

4. At all times herein, the Plaintiff is an individual residing in Pinellas County, Florida.

5. Defendant is a Florida corporation existing under the laws of the State of Florida that, itself and through its subsidiaries, regularly collects debts due to another in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. At all times herein, the Defendant attempts to collect a debt, specifically a Citibank, N.A. credit account ending -4455 (hereinafter "the Debt").

7. At all times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use.

8. At all times herein, the Defendant was a "person" pursuant to Florida Statute §559.72 *See* Schauer v. General Motors Acceptance Corp., 819 So. 2d 809 (Fla. 4th DCA 2002).

9. At all times herein, Defendant was a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Florida Statute § 559.55(6). Defendant regularly uses interstate mails and places interstate telephone calls while engaging in a business the principal purpose of which is the collection of debts.

10. At all times herein, the Defendant acted through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

11. All conditions precedent to the filing of the action occurred or have been waived by the Defendant.

12. On or about July 27, 2010, Plaintiff retained Leavengood, Nash, Dauval & Boyle, P.A. ("Undersigned Counsel") for representation with regard to her debts generally, including the Debt.

13. On or about July 27, 2010, at approximately 4:24 p.m ET, Undersigned Counsel faxed a letter of representation to Defendant at fax number 954.735.0227. Please see attached a true and correct copy of the fax confirmation receipt labeled Exhibit "A."

14. On or about September 23, 2010, at approximately 6:32 p.m. ET, Defendant called Plaintiff in an attempt to collect the Debt. During the call, Plaintiff notified Defendant about Undersigned Counsel's representation of Plaintiff with regard to the Debt and provided Undersigned Counsel's contact information. The telephone call was placed from 954.735.4155.

15. Despite having actual knowledge of Undersigned Counsel's representation regarding the Debt, on or about September 24, 2010, at approximately 5:21 p.m. ET, Defendant called Plaintiff in an attempt to collect the Debt

16. Despite having actual knowledge of Undersigned Counsel's representation regarding the Debt, on or about September 25, 2010, at approximately 5:21 p.m. ET, Defendant called Plaintiff in an attempt to collect the Debt. The telephone call was placed from 954.735.4155.

17. Despite having actual knowledge of Undersigned Counsel's representation regarding the Debt, on or about November 19, 2010, at approximately 6:51 p.m. ET, Defendant called Plaintiff in an attempt to collect the Debt. The telephone call was placed from 954.735.4155.

18. The Plaintiff has retained Leavengood & Nash for the purpose of pursuing this matter against the Defendant and is obligated to pay their attorneys a reasonable fee for their services.

19. Florida Statute Section 559.77 provides for the award of up to $1,000.00 statutory damages plus actual damages, and an award of attorneys' fees and costs to the Plaintiff should the Plaintiff prevail in this matter against Defendant.

20. United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages plus actual damages, punitive damages and an award of attorneys' fees to the Plaintiff should the Plaintiff prevail in this matter against Defendant.

21. As of the date of this complaint, the Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, the Defendant.

## COUNT ONE:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE §559.72(18)

The Plaintiff re-alleges paragraphs one (1) through twenty-one (21) as if fully restated herein and further states as follows:

22. The Defendant is subject to, and has violated provisions of, Florida Statute §559.72(18) by intentionally and repeatedly communicating with Plaintiff after being given actual notice that Plaintiff was represented by counsel with regard to the underlying Debt.

23. Specifically, despite having received actual notice of Undersigned Counsel's representation of Plaintiff with regard to the Debt, Defendant continued to call

Plaintiff in an attempt to collect the Debt.

24. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by Florida Statute §559.77.

WHEREFORE, the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TWO:
## FAIR DEBT COLLECTION PRACTICES ACT – VIOLATION OF 15 U.S.C. §1692c(a)(2)

The Plaintiff re-alleges paragraphs one (1) through twenty-one (21) as if fully restated herein and further states as follows:

25 The Defendant is subject to, and has violated the provisions of, 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff in an attempt to collect the Debt despite Defendant having actual knowledge that Plaintiff was represented by counsel regarding the Debt and knowledge of counsel's contact information.

26. Specifically, despite having received actual notice of Undersigned Counsel's representation of Plaintiff with regard to the Debt, Defendant continued to call Plaintiff in an attempt to collect the Debt.

27. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by 15 U.S.C. 1692k.

WHEREFORE, the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

28. Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully Submitted,

LEAVENGOOD & NASH

Ian R. Leavengood, Esq., FBN 10167
Heather M. Fleming, Esq., FBN 25971
2958 First Avenue North
St. Petersburg, FL 33713
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
hfleming@leavenlaw.com
Attorneys for Plaintiff

COUNTY OF PINELLAS        )

Plaintiff DEBORAH OLSEN, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
DEBORAH OLSEN

Subscribed and sworn to before me
this 2 day of February, 2011.

_____
Notary Public

RICKY JIMENEZ
MY COMMISSION # DD 793674
EXPIRES: June 16, 2012
Bonded Thru Western Surety Co.

My Commission Expires: 6/16/2012     Proof of I.D.: FL DL
0425172576070